William Fox by his Will gives the use and Benefit of his Personal Estate to his Wife (now Deft.) during her natural Life and that after her death the saihe shou’d remain to his Nephew David Fox and the Heirs of his Body Lawfully begotten But if it shou’d so happen that his said Nephew shou’d not be alive, nor have any such Heirs as aforesaid at the time of the Decease *R23 of his said Wife. Then the Testor. gives his Estate aforesaid after the decease of his s’d Wife to several others and to their Heirs viz. To Mrs. Burgess and all the Daughters of G. H. which shou’d be living at that time.
David Fox is dead without Issue and Mrs. Burges is his only Sister and Adm’x And the end of the Bill is to have a Discovery of the Estate and Security that the same shall not be Imbezzled To which the Defts. have Demurred for that it appears by the Pits, own shewing that David Fox is dead and the Testor’s Wife is now living whereby the Gift of him is void and no right in Law or Eq. is vested in the Sister who is his Sister and Adm’x
The Question is Whether anything is vested in David Fox If [134] Nothing vested in him the Pits, have no Equity.
As to this the old Books are That of the use of the Chattle to one for Life and after his death to another, That the first hath only the Occupation and the other the property And upon that difference the Rem’r of a Chattle has often been held Good Bud.[1] Abr. Tit. Devise 13. 37. Hen. 6. 30 And the Case of Lord Hastings ag’t Douglas. Cro. Car. 343. Owen. 33. Then by this Rule David Fox had the property of this Estate of his Uncle vested in him But the subsequent Clause upon the Contingency of his dying in the life time of the Wife to whom the use is given, or not having Issue at the time of her death gives another Rem’r which is a Double Remainder
But this Remainder must be void and the Testators Intention to Intail his Personal Estate disappointed for the Law will not suffer Chatties to be disposed of in this mann’r Cases for this point are Whitmor’s Case 1 Vern 326 Mr. Whitmore by his Will Devised the Surplus of his Personal Estate being 30000;£ to the Lord Craven during the Minority of William Whitmore his Son to the use of him and his Heirs Lawfully descended from his Body and in Case he died during his Minority without Issue to the use of the Children of his Sisters
The Son died without Issue being of the age of 18 but was married and by his Will devised all his Estate to his Wife whom he made his Exec’x who brought her Bill to recover this personal Estate against the Sisters Children and Obtained a Decree And tho the Lord Chancellor Vernon (1 Vern 347) Declared his 'Opinion that upon the whole complexion of the Will the Minority of the Testors. Son determined when he attained 17 years of *R24 age Yet he says had that been Otherwise it was a Trust vested in the Son and the Rem’r over was void And withall said that if the matter in Question had been but for 100;£ it wou’d not have held an Hour’s debate
S. C. is reported 2. Vent. 367. & Cha. Rep. 167. but not so clearly as to this point Broadhurst and Richardson 2. Vent. 349. A man had Issue 3 Daughters and Devised to them 180;£ a piece but if any of them die without Child her part to go to the Survivors One of the Daughters married Broadhurst and before the Portion [135] paid died without Issue B. exhibits his Bill against the Ex’r and had a Decree for the 180T for a Sum of Money can’t be Intailed Yet this Rem’r was upon her dying without Child which was a Contingency to happen within the Compass of one Life and so is Boucher and Antram Pollext 37. 2. Cha. Rep. 6
Cases against me are Vachel and Varhel 1. Cha. Cas. 129. Taufield Vachel Devised the use of several Paintings and Rarieties to his Wife for Life and after her Decease to her Son if she shou’d have one, But if she was not with Child or that Son died without Issue Male, then they were to remain to the use of Thomas Vachel the Pit. and that they shou’d remain as an heir Loom and go and remain to such Persons as should Inherit his Mannor &c. in Berks And it was Decreed with the Advice of the Judges, That as Thomas Vachel the Pits. Father died in the Lifetime of Taufield and the Deft. Roberta being not with Child so that the Contingencies upon which the Limitation was made never happening, the Lord Chancellor with the Judges were all clearly of Opinion that the Devise to T:V. the Son was Absolute and good in Law
But here nothing was vested in the Father or anybody else Clent and Bridges Lord Not. Rep. 26. Bridges by his Will gave his two youngest Daughters 600;£ a piece to be paid within 3 Months But if either of them die before 21. he desired and so far as in Law and him lay did give the Portion of her so dying to be equally divided between the Survivor and the Pit. The Daughters received their Portions and one of them died before 21. And the Lord Shaftsbury Decreed for the Pits. But upon a rehearing by Lord Nottingham that Decree was reversed because the 600^ was Absolutely vested in the Daughters and that it cou’d not be Subject to the Contingent Clause For where a certain determinate time is appointed for the payment of a *R25 Legacy and afterwards a Contingent Clause is added the Contingency is vain and Idle unless it happen within that Period of time appointed for the payment of the Legacy and it may be say’d here the Contingency happened within the time when David Fox was to have the Possession of this Estate
And there are several Cases when a Legacy is given to one and upon a Contingency which may happen in a few years Rem’r to another that such Rem’r is good
Pawlet and Doggat 2. Vern. 86. 2. Vent. 347. Martin & Long 2. Vern. 151. Where a Rem’r of a Chattle upon the Contingency of dying without Issue before 21. was held good And in the Case of Pinbury & Elkin 2. Vern. 758. 766. a Rem’r of a Chattle If one dyed without Issue living at her death was Decreed to be good But the difference betwixt these Cases and our Case is that here the Limitation in Rem’r of the Personal Estate [136] is to David Fox and the Heirs of his Body which is an Estate Tail and no Remainder of Goods after an Estate tail is good
So is the Lady Bergavernny’s Case 2. Vern 324.
As to the other point That David Fox died in the Lifetime of the Wife whereby it is say’d the Gift to him is void Tho’ by the Civil Law it is a Rule laid down by Swinburne That where a Legacy is payable at a time uncertain as at the death of the Testors. Wife, or the like, if the Legatee be then dead it is not to be Transmitted to the Ex’or but is a Lapsed Legacy Yet it is otherwise in Equity and so Decreed in the Lord Clarendons Case 1. Vern. 35. & Vern. 758. 767. And if the Pits, have any right they may Compelí the Deft, to give Security. 1. Cha. Rep. 110. 1. Cho. 121.
Mrs. Chichester dying this matter was not Argued But afterwards the Suit was revived by George Heal in behalf of all his Daughters. Several of which were born after the death of the Testor. And upon a Demurrer for several Causes that the Pit. had no Equity, had not made proper Parties And that the after born Daughters had no Title. The Case was argued
And the Court Decreed for my Client which is a good Decree upon the difference before mentioned The Rem’r being to David Fox, and the Heirs of his Body, but if those words had been omitted the Limitat. over would have been good Vid. Fitzgibbons 315. S. P.

The word is “ Bro.” MS. of Congressional Library p 225 — R. T. B.